# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason R O'Neill, | No. CV-18-01961-PHX-JAS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Lynnette Kimmins that recommends denying Petitioner's habeas petition filed pursuant to 28 U.S.C. §2254. A review of the record reflects that the parties have not filed any objections to the Report and Recommendation and the time to file objections has expired. As such, the Court will not consider any objections or new evidence.[1]

The Court has reviewed the record and concludes that Magistrate Judge Kimmins's recommendations are not clearly erroneous and they are adopted. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

Before Petitioner can appeal this Court's judgment, a certificate of appealability

---

[1] Petitioner's objections, if any, were originally due within 14 days after being served with a copy of the Report and Recommendation (dated January 27, 2020). However, this Court issued an order (Doc. 33) granting Petitioner's motion to extend the deadline to file any objections (Doc. 32) to March 13, 2020. In its order, the Court noted that no further extensions of time would be granted. Accordingly, and after reviewing all the underlying documents docket, Petitioner's motion for additional time to file objections (Doc. 34) and motion for a stay of the habeas proceedings (Doc. 35) will be denied.

must issue. *See* 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1). The district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 must either issue a certificate of appealability or state why a certificate should not issue. *See id.* Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. 31) is accepted and adopted.

(2) Petitioner's §2254 habeas petition (Doc. 1) is denied and this case is dismissed with prejudice.

(3) Petitioner's motions for discovery (Doc. 18), expansion of the record (Doc. 19), an evidentiary hearing (Doc. 21), additional time to file objections (Doc. 34), and stay of the habeas proceedings (Doc. 35) are denied.

(3) A Certificate of Appealability is denied and shall not issue.

(4) The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 20th day of March, 2020.

Honorable James A. Soto
United States District Judge